The court being now sufficiently advised of and concerning the premises, delivered the following opinion, to wit:
The Commonwealth prosecuted a scire facias in the Franklin circuit court, to have execution against the appellants and S. H. Dearbourn, on a recognizance acknowledged by them.
The scire facias was regularly executed on the appellants, and the sheriff returned, as to Dearbourn, not found. A demurrer was filed by the appellants to the scire facias, and without further proceedings being had against Dearbourn, judgment was awarded in favor of the commonwealth to have execution against them severally, for three hundred and seventy five dollars.
The first question which occurs as necessary to be decided in this cause, is, as to the propriety of the court awarding judgment against the appellants, without further proceedings being previously had against Dearbourn. The recognizance recited in the scire facias, appears to be an acknowledgment by the appellants and Dearbourn, of a debt to the commonwealth of fifteen hundred dollars; that is, Dearbourn in the sum of seven hundred and fifty dollars, and *132 the appellants each in the sum of three hundred and seventy five dollars.
Judgment may be taken on a several recognizance against the securities, whilst the principal has not been summoned.
A joint sci. fa. may be maintained on a several recognizance but judgm'nt should be rendered to have execution according to the effect of the recognizance.
The signature of a party is not part of the recognizance, it is to be acknowledged but need not be signed
A sci fa is fatally defective if it omits the averment that the recognizance is taken by a person having competent power.
The sci. fa. must aver that the recognizance was returned to the clerk of the circuit court sustaining the suit.
The obvious effect of this recognizance, is several and not joint. That Dearbourn should be bound in the sum of seven hundred and fifty dollars, and each of the appellants in the sum of three hundred and seventy five dollars, was manifestly the understanding of the parties. The proceeding of the court, therefore, in that respect, was correct. The next question which arises is, can a joint scire facias be maintained against the appellants and Dearbourn upon this recognizance, it being several and not joint? The law is well settled, that a joint action of debt cannot be maintained upon a several obligation, but a different rule seems to prevail as to proceedings on a scire facias which should recite the record correctly, and which is to have execution according to the effect of the recognizance: 2 Sand. Rep. 726. It was contended by the appellants that the recognizance recited in the scire facias, should be adjudged void as to the appellant Madison, because it appears to have been agreed to by Haggin for him, and not in his proper person. Without deciding whether a recognizance can be acknowledged by proxy, there is nothing in this recognizance which could justify us in adjudging it void. It purports to have been acknowledged by the parties in person. The signature of the appellants is no part of the recognizance; it is merely surplusage; it cannot vitiate.
The remaining question for consideration is, the sufficiency of the scire facias. This we think materially defective, in this, that it contains no direct charge that the recognizance recited was acknowledged by the appellants before some authorised person to take such acknowledgement, and that the recognizance so taken was transmitted to the clerk of the Franklin circuit court. The most approved precedents seem to prove the necessity of such statements in the scire facias, and without them no right is shewn in the commonwealth, to have execution against the appellant from the Franklin circuit court.
Whereupon, it is considered by the court, that the judgment of the Franklin circuit be reversed, the cause remanded to the said court, with directions to award judgment on the demurrer quashing the scire facias, which is ordered to be certified to said court.